UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER TODD WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-612-JD-MGG |
| MARSHALL COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Christopher Todd Williams, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Williams alleges that, at the Marshall County Jail, he has been subjected to a scabies infection, a broken toilet, and standing water in his cell. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). While Williams may be able to assert a valid Eighth Amendment claim, he has named only the Marshall County Jail as a defendant. Though the Marshall County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Williams may not proceed on this complaint.

Nevertheless, Williams may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

Additionally, Williams has not resolved his filing fee status. To proceed with this case, Williams must either immediately pay the $400.00 filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he should use this court's form motion and file it with his trust fund ledgers for the last six months attached. Williams states that the jail officials will not assist inmates with their in forma pauperis motions. If Williams is unable to obtain assistance from jail officials, the court will accept his representations as to his current balance and how much money he has received during the last six months.

For these reasons, the court:

(1) GRANTS Christopher Todd Williams until September 20, 2019, to file an amended complaint and to resolve his filing fee status; and

(2) CAUTIONS Christopher Todd Williams that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on August 19, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT