UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER TODD WILLIAMS,

Plaintiff,

v.　　　　　　　　　　　　　　　　CAUSE NO.: 3:19-CV-612-JD-MGG

MARSHALL COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Christopher Todd Williams, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Williams alleges that, on July 26, 2018, Bo Holcomb, the head jailer, assigned him to sleep on the floor of an overcrowded cell with standing water, and he had no place to store his belongings. On January 28, 2019, the toilet in Williams' cell was broken for six days, resulting in unpleasant odors and fumes. He was

required to use toilets in other cells, and Bo Holcomb refused to flush the toilet through the maintenance hatch. In early 2019, Bo Holcomb and Dr. Tehapchet denied him treatment for a scabies infection, though he eventually received proper treatment after contacting the county health department. For his claims, Williams seeks money damages.

Williams asserts an Eighth Amendment claim of deliberate indifference against Bo Holcomb and Dr. Tehapchet for acting with deliberate indifference to his scabies infection. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Williams states a plausible Eighth Amendment claim of deliberate indifference against these defendants.

Williams also names the Marshall County Jail and Quality Correctional Care as defendants. Though the Marshall County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be

sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Further, corporate entities "may not be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury. *Id.* He does not describe a policy or practice that caused inadequate treatment for the scabies infection. As a result, Williams cannot proceed against Quality Correctional Care.

Williams asserts that Holcomb subjected him to unconstitutional conditions of confinement with wet floors in July 2018 and broken toilets in January 2019. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and

unusual punishment."). Williams states plausible Eighth Amendment conditions of confinement claims against Holcomb.

For these reasons, the court:

(1) GRANTS Christopher Todd Williams leave to proceed on an Eighth Amendment claim against Bo Holcomb and Dr. Tehapchet for acting with deliberate indifference to his scabies infection by denying him medical treatment from January 2019 through March 2019;

(2) GRANTS Christopher Todd Williams leave to proceed on an Eighth Amendment claim against Bo Holcomb for subjecting him to unconstitutional conditions of confinement by placing him in an overcrowded cell with standing water in July 2018;

(3) GRANTS Christopher Todd Williams leave to proceed on an Eighth Amendment claim against Bo Holcomb for subjecting him to unconstitutional conditions of confinement by failing to address the broken toilet in his cell in January 2019 and February 2019;

(4) DISMISSES the Marshall County Jail and Quality Correctional Care;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Bo Holcomb and Dr. Tehapchet at Marshall County Jail with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Bo Holcomb and Dr. Tehapchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R.

10-1(b), only to the claims for which Christopher Todd Williams has been granted leave to proceed in this screening order.

SO ORDERED on August 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT