UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER TODD WILLIAMS,

   Plaintiff,

   v.                                          CAUSE NO. 3:19-CV-612-JD-MGG

BO HOLCOMB, et al.,

   Defendants.

OPINION AND ORDER

Christopher Todd Williams, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Officer Holcomb and Dr. Tchapchet for acting with deliberate indifference to his scabies infection by denying him medical treatment from January through March 2019, an Eighth Amendment claim against Officer Holcomb for placing him in an overcrowded cell with standing water in July 2019, and an Eighth Amendment claim against Officer Holcomb for failing to address the broken toilet in his cell in January and February 2019.

Officer Holcomb filed a motion for summary judgment, arguing that he responded reasonably to Williams' complaint of a rash and that he was not personally involved with Williams' cell assignment or the maintenance of Williams' cell. Officer Holcomb also provided Williams with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 34. The notice informed Williams of the consequences of forgoing a response. It advised that, unless he disputed the facts presented by the defendants, the court could

accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Williams did not file a response.

Andrew Holcomb, Chief Jail Officer for the Marshall County Jail, submitted an affidavit, attesting that, on January 23, 2019, Williams notified jail staff that he had an "itching problem" that he speculated was scabies. ECF 33-2. Officer Holcomb first became aware of this issue when he received Williams' grievance submitted on February 7, 2019. *Id.* In response, Officer Holcomb consulted with medical staff. *Id.* They informed him that they had received similar reports from other inmates and intended to take preventative measures with medication, though they had not diagnosed any inmates with scabies. *Id.* On February 14, Officer Holcomb told Williams that the medication would arrive shortly and to submit the appropriate medical request. *Id.* According to medical records, Williams received the medication twice each day for two weeks beginning on February 21. ECF 33-3.

Officer Holcomb also submitted a maintenance record indicating that a work order to fix the toilet in Williams' cell was placed and resolved on January 30, 2019. ECF 33-2 at 31. Additionally, Officer Holcomb submitted housing records indicating that Williams was assigned to a temporary floor bunk on July 26, 2019, but was moved to a permanent bunk one day later. *Id.* at 34. Officer Holcomb was not personally involved with either of these issues. *Id.* at 4, 6.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Williams asserts an Eighth Amendment claim against Officer Holcomb for acting with deliberate indifference to his scabies infection by denying him medical treatment from January through March 2019, by placing him in an overcrowded cell with standing water in July 2019, and by failing to address the broken toilet in his cell in January and February 2019. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that

3

the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Correctional officers are entitled to rely on medical staff to provide adequate medical care to inmates. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Further, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594.

The record demonstrates that Officer Holcomb responded reasonably to Williams' concerns regarding a scabies infection by consulting with medical staff regarding their medical assessment and plan to address it, relaying that information to Williams, and advising him to submit the appropriate medical request for medication, which he received shortly thereafter. The record further demonstrates that Officer Holcomb was not personally involved with the broken toilet in Williams' cell in January 2019 or with the standing water in Williams' cell in July 2019. Because the record contains no evidence to suggest that Officer Holcomb acted with deliberate indifference toward Williams, the court grants the motion for summary judgment and dismisses the claims against Officer Holcomb. Williams' claim against Dr. Tchaptchet remains.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 32);

(2) DISMISSES Bo Holcomb; and

(3) DENIES as UNNECESSARY the motion to extend the dispositive motion deadline (ECF 31).

SO ORDERED on January 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT