UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER TODD WILLIAMS,

Plaintiff,

v.   CAUSE NO. 3:19-CV-612-JD

TEHAPCHET,

Defendant.

OPINION AND ORDER

Christopher Todd Williams, a prisoner without a lawyer, is proceeding in this case against Dr. Eric Tchaptchet "for acting with deliberate indifference to his scabies infection by denying him medical treatment from January 2019 through March 2019[.]" ECF 8 at 4.[1] On January 6, 2022, Dr. Tchaptchet filed a motion for summary judgment. ECF 61. With the motion, Dr. Tchaptchet provided Williams the notice required by N.D. Ind. L.R. 56-1(f). ECF 63. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

---

[1] The court originally granted Williams leave to proceed against Dr. Tchaptchet for an Eighth Amendment violation. However, because Williams was a pretrial detainee at the time of the conduct alleged in his complaint, his claim is properly analyzed under the Fourteenth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018) (holding that a § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause). The briefing has applied the correct standard.

This deadline passed over a month ago, but Williams has not responded. Therefore the court will now rule on Dr. Tchaptchet's summary judgment motion.

Dr. Tchaptchet provides an affidavit (ECF 62-2) and Williams' medical records (ECF 62-3), which demonstrate the following:[2] During all relevant times, Dr. Tchaptchet was employed by Quality Correctional Care as a physician and saw patients at a number of county jails, including Marshall County Jail. ECF 62-2 at 1. On January 25, 2019, Williams was assessed by a nurse at Marshall County Jail and complained of a rash. ECF 62-3 at 1. Williams reported to the nurse he was using hydrocortisone cream and trying different soaps to alleviate the rash. *Id.* A nurse contacted Dr. Tchaptchet regarding Williams' complaints and Dr. Tchaptchet issued an order for Benadryl. *Id.*; ECF 62-2 at 1. Williams did not receive the Benadryl until February, but Dr. Tchaptchet had no knowledge or information as to why there was a delay in providing Williams the Benadryl. ECF 62-2 at 2. Dr. Tchaptchet only issued orders for treatment and was not involved in distributing medication at Marshall County Jail. *Id.* at 2-3. Dr. Tchaptchet attests there are no medical records indicating Williams ever had scabies, and he has no knowledge of any specific scabies outbreak at Marshall County Jail. *Id.* at 2.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] Because Williams did not respond to the summary judgment motion, the court accepts Dr. Tchaptchet's attestations and the contents of Williams' medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

2

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court

3

considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Here, Williams has offered no evidence by which a reasonable jury could conclude Dr. Tchaptchet's conduct was objectively unreasonable. Specifically, it is undisputed Dr. Tchaptchet was contacted by a nurse regarding Williams' complaint of a rash and issued an order for Benadryl. Although there was a delay in providing Williams the Benadryl, it is undisputed Dr. Tchaptchet was not involved in distributing medication at Marshall County Jail and did not have any knowledge as to what caused the delay. Moreover, there is no evidence Williams ever was diagnosed with scabies. Based on this undisputed evidence, no reasonable jury could conclude Dr. Tchaptchet's conduct of issuing Williams an order for Benadryl was objectively unreasonable. Summary judgment is thus warranted in Dr. Tchaptchet's favor.

For these reasons, the court:

(1) GRANTS Dr. Tchaptchet's summary judgment motion (ECF 61); and

(2) DIRECTS the clerk to enter judgment in favor of Dr. Eric Tchaptchet and against Christopher Todd Williams and to close this case.

SO ORDERED on March 15, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4